FILED
2020 Feb-14 PM 12:44
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### NORTHEASTERN DIVISION

| | |
|---|---|
| SHANNON DEAN BARLOW, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 5:19-cv-01849-RDP-JHE |
| ) | |
| STEPHEN BILLY, District Attorney, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

Plaintiff is a prisoner incarcerated in Limestone Correctional Facility, which is located in Harvest, Alabama, a town in the Northern District of Alabama. In September 1994, he plead guilty to two counts of murder and one count of burglary in the Circuit Court of Escambia County, Alabama. *See Barlow v. Estes*, No. 12-00253-KD-N, 2013 WL 5913811, at *1 (S.D. Ala Nov. 4, 2013). Plaintiff received three consecutive sentences, without the possibility of parole. *Id.*

Plaintiff filed this § 1983 action against Stephen Billy, the District Attorney for Escambia County, Alabama, Wexford Health, a healthcare provider, Debra Barfield, a mental health counselor, and William Teague, a Montgomery attorney who represented Plaintiff in his Rule 32 proceedings in state court. In particular, he complains about the release of medical records which were filed with the Circuit Court of Escambia County. (Doc. 7). He contends that (1) Billy impermissibly

obtained his medical records from Wexford by duping Barfield, (2) Billy improperly filed the records in the circuit court, and (3) his attorney Teague refused to do anything about the improper receipt and filing of the records in the state court. (*Id*.) Construing his claim as one sounding in the Fourteenth Amendment's right to privacy, the Magistrate Judge entered a report and recommendation that this action should be transferred to the Southern District of Alabama, where Billy and the Escambia County Circuit Court is located. (Doc. 8). Plaintiff filed timely objections to the report and recommendation. (Doc. 9).

Plaintiff first objects to the proposed transfer as inconvenient. He claims there are witnesses in Huntsville, Alabama, and they have pertinent information concerning how District Attorney Stephen Billy wrongfully obtained his medical records.[1] (Doc. 9 at 1-2). However, even if that is so, witnesses are not parties. The relevant venue statute, 28 U.S.C. § 1391(b), provides that a non-diversity case "may be brought only in the judicial district where all defendants reside or in which the claim arose." 28 U.S.C. § 1391(b). Indeed, "the purpose of statutorily specified venue is to protect the *defendant* against the risk that the plaintiff will select an unfair or inconvenient place of trial." *Leroy v. Great Western United Corporation*, 443 U.S.

---

[1] Given the procedural posture of this case, the court is not called upon to offer any view as to Stephen Billy's right to claim prosecutorial or qualified immunity based on the facts alleged by Plaintiff. *See e.g., Rowe v. City of Fort Lauderdale,* 279 F.3d 1271, 1279-80 (11th Cir. 2002).

173, 183-84 (1979) (emphasis in original).

The underlying facts of Plaintiff's complaint relate to his claim that Defendant Billy improperly obtained his medical records from Wexford Health and filed them in the Circuit Court of Escambia County. Defendant Billy is located in the Southern District of Alabama. Wexford does business throughout the state. Teague is a Montgomery attorney who represented Plaintiff in the state court in Escambia County. And, although Debra Barfield is named as a Defendant in this case, as the Magistrate Judge noted in the report, "she seemingly only signed a progress note concerning [P]laintiff on one occasion in September 2018." (Doc. 8 at 3). Finally, Plaintiff claims that the records were improperly filed in an Escambia County state court, which is located in the Southern District. The court is satisfied that venue for this case is properly in the Southern District.

Plaintiff also appears to assert that his medical records were obtained in violation of the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"). (Doc. 9 at 3). For this reason, he argues venue is proper in the Northern District of Alabama. The court disagrees. HIPAA does not create a private right of action or even an enforceable right under federal law. *Bradley v. Pfizer, Inc.*, 440 F. App'x 805, 809 (11th Cir. 2011) (holding "there is no private right of action for a violation of HIPAA's confidentiality provisions"); *Sneed v. PanAm Hosp.*, 370 F. App'x 47, 50 (11th Cir. 2010) ("We decline to hold that HIPAA creates [either] a

private cause of action … or rights that are enforceable through § 1983."). Because Plaintiff cannot state a cause of action under HIPAA, his assertion that his medical records were obtained in violation of HIPAA does not indicate that venue is proper in this district.[2]

Plaintiff further objects to the Magistrate Judge's reliance on *Harris v. Thigpen*, 941 F.2d 1495 (11th Cir. 1991). Plaintiff argues that his claims do not concern diseases similar to those at issue in *Harris.* But that argument misses the mark. The Magistrate Judge cited *Harris* for the important, but well-settled proposition that "prison inmates, in spite of their incarceration, retain certain fundamental rights of privacy." *Id.*, at 1513. The Magistrate Judge referenced another case for that same proposition. *Paris v. Herring*, No. 3:19-cv-270-J-34JRK, 2019 WL 6340970, *3 (M.D. Fla. Nov. 27, 2019) (assuming, without deciding, that failure to maintain confidentiality of medical records could state a Fourteenth Amendment claim). Of course, the Magistrate Judge's citation to these cases is not surprising as the court understands that Plaintiff is seeking to litigate a Fourteenth Amendment privacy claim.

Plaintiff also alleges that unknown Wexford employees released his mental, dental, and medical information (Doc. 9 at 4), but that allegation does not provide

---

[2] Plaintiff's citation to 42 U.S.C § 1320d (Doc. 9 at 3) is of no help to him either. Title 42 U.S.C. Chapter 7 contains Social Security regulations. And, Section 1320d concerns "Administrative Simplification."

any basis for venue in this district either.³

Finally, Plaintiff's complaints concerning his state court attorney (Doc. 9 at 4) are also outside this court's jurisdiction.⁴ Plaintiff may not sue his attorney for deficient performance under 42 U.S.C. § 1983 because, even when court-appointed, counsel do not act under color of law while performing traditional functions of counsel in representing defendants in criminal proceedings. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (holding that a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel for a defendant in a criminal proceeding). Section 1983 "excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Focus on the Family v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1277 (11th Cir. 2003) (citation omitted).

For all these reasons, Plaintiff's objections are **OVERRULED,** the Magistrate Judge's report is **ADOPTED**, and his recommendation is **ACCEPTED.**

A separate order will be entered.

---

³ Nor does Plaintiff's citation to 5 U.S.C. § 552a (Doc. 9 at 3) assist him, as that section addresses records maintained by federal agencies. No federal actors have been named in this action.

⁴ To be even more clear, if, in fact, Plaintiff is attempting to bring a legal malpractice claim against his attorney, that claim is clearly governed by state law and must be brought in state court. *See e.g., Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996) (federal law does not provide a cause of action for legal malpractice). "Under Alabama law, all actions against legal service providers that allege a breach of duty in providing legal services are governed by the Alabama Legal Services Liability Act." *Kinsey v. King*, 257 F. App'x 136, 139 (11th Cir. 2007); *see also* Ala. Code 1975 §§ 6-5-570, *et seq*.

**DONE** and **ORDERED** this February 14, 2020.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE